UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 13, 2013
```

LORI S. TRAVERS,

                Plaintiff,

- against -

MICHAEL J. ASTRUE,

                Defendant.

**ORDER**

10 Civ. 8228

PAUL G. GARDEPHE, U.S.D.J.:

    Pro se plaintiff Lori S. Travers filed this action on October 21, 2010, pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits and supplemental security income. (Dkt. No. 2) Plaintiff alleged that she was disabled since May 2, 2008 due to a sixty percent hearing loss in her right ear and "mild" hearing loss in her left ear. (R&R (Dkt. No. 15) at 1-2)

    On August 31, 2011, the Commissioner moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Dkt. No. 11) Travers filed an opposition on September 22, 2011. (Dkt. No. 17) This Court then referred this matter to Magistrate Judge Peck for a report and recommendation. (Dkt. No. 13) The issue before Judge Peck was whether the Commissioner's decision that the Plaintiff was not disabled between May 2, 2008 and April 21, 2010 was supported by substantial evidence.

    On November 2, 2011, Judge Peck issued a report recommending that the Commissioner's motion be granted ("Report"). (Dkt. No. 15) Plaintiff filed an objection to the Report on November 15, 2011. (Dkt. No. 18) Plaintiff then filed an order to show cause why an

injunction should not be issued requiring the Commissioner to pay her emergency disability benefits. (Dkt. No. 19). On February 8, 2012, the Court denied Plaintiff's application for injunctive relief, finding that Plaintiff had not demonstrated a likelihood of success on the merits. (Dkt. 22 at 1-2) The Court noted that "[t]his Court is likely to conclude – as did Judge Peck – that the Commissioner's determination that Travers is not disabled within the meaning of the Social Security Act is supported by substantial evidence."[1] (Id. at 2)

As noted above, Judge Peck's Report was issued and sent to the parties on November 2, 2011. Under 28 U.S.C. § 636(b)(1)(C), "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations."[2] 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. Rule 72(b)(2) (stating that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations"). In a November 15, 2011 letter (Dkt. No. 18), Plaintiff objected to the Report, stating that she "disagree[d] with decisions in the report . . . ." Plaintiff went on to state, "I am enclosing updated medical evidence regarding my condition from my doctor[s] . . . . I disagree with the decision not to consider my case and rule [i]n my favor even for partial benefits. I am hopeful this additional information will be of support in the final decision of my case and to make the decision in my favor." (Dkt. No. 18 at 1)

---

[1] On February 17, 2012, Plaintiff filed a notice of appeal concerning this Court's order denying her application for a preliminary injunction. On March 26, 2013, the Second Circuit issued a summary order affirming this Court's denial of Plaintiff's application for a preliminary injunction. Travers v Commr. of Social Sec., 12-827, 2013 WL 1197641, at *1 (2d Cir. Mar. 26, 2013) (Summary Order).

[2] The Report recites the requirement that parties must file objections within fourteen days of service, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and the consequences for a failure to timely object. (Dkt. No. 15 at 23)

"[A] pro se party's objections to the Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." DiPilato v. 7–Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (internal citations omitted). Here, Plaintiff's objections lack specificity; she does not address any particular finding in the Report, but rather simply disagrees with the Report's conclusion.

Although Plaintiff has not made sufficiently specific objections to Judge Peck's Report, she has attached medical records not previously submitted to the Commissioner or to Judge Peck. These records are from Joseph G. Feghali, M.D., and Lucille R. Van Hook, M.D. (Dkt. No. 18 at 4-5, 6-9) Dr. Feghali is a Clinical Professor of Otolaryngology and Neurological Surgery and Dr. Van Hook practices internal medicine. (Id.) Dr. Feghali's records indicate that he saw Plaintiff on October 20, 2011, while Dr. Van Hook's records indicate that she saw Plaintiff in or about August 2011. (Id.) Both dates are long after the Commissioner's October 13, 2010 final decision denying Plaintiff's claims. (Dkt. No. 15 at 2) Indeed, the relevant time period for Plaintiff's claims is May 2, 2008 to April 21, 2010. (Id.)

Where a claimant submits medical records to the Court that were not submitted to the Commissioner, a court may remand the case to the Commissioner for consideration of the new evidence if that evidence is material – meaning that it is new and not merely cumulative of the evidence already in the record – and "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See 42 U.S.C. § 405(g); see also Pollard v. Halter, 377 F.3d 183, 193 (2d Cir. 2004); Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988). "The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." Pollard, 377 F.3d at 193. "Further, such evidence must be probative and relevant to the alleged

3

condition during the claimed period of impairment prior to the ALJ's decision." Johnson v. Astrue, 563 F. Supp.2d 444, 461 (S.D.N.Y. 2008) (citing Pollard, 377 F.3d at 193). "Evidence generated after the ALJ issued his decision can be material if it suggests that during the relevant time period, the claimant's condition was more serious than previously thought." Id.

The new medical records Plaintiff has submitted reflect office visits and tests between August 24, 2011 and October 20, 2011. (Dkt No. 18) This period is long after the date that the Commissioner issued his final decision. Moreover, these records do not address Plaintiff's condition during the relevant time period: May 2, 2008 to April 21, 2010. Because these records do not shed light on Plaintiff's hearing during the relevant time period, a remand for consideration of these records is not appropriate. See 7 Moore's Federal Practice ¶ 72.04[10.-2] at 72–99 (de novo review "must include an examination of the record accumulated before the magistrate, but the district judge need not afford the parties an opportunity for a new evidentiary hearing"), and cases cited therein.

If appropriate, a new application for disability benefits may be filed with the Social Security Administration based on a period later than the covered in the ruling under review.

"'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241(RMB)(FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). Given that Plaintiff has made no specific objection to the Report, the Court has reviewed it for clear error.

4

Having conducted a review of the Report, the Court finds that the Report is not clearly erroneous and, in fact, is in conformity with the law. Accordingly, the Report's recommendations are adopted in their entirety. The Commissioner's motion for judgment on the pleadings in granted.

The Clerk of Court is directed to terminate the motion (Dkt. No. 11) and to close this case. The Clerk of Court is directed to transmit a copy of this order, via certified mail, to Plaintiff Lori Travers at 187-B Terrace Street, Bronx, NY 10464.

Dated: New York, New York
      May 13, 2013

                              SO ORDERED.

                              _____
                              Paul G. Gardephe
                              United States District Judge